# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
GERD TOPSNIK,                           *        No. 12-58T
                                        *
               Plaintiff,               *        (Filed: May 22, 2013)
                                        *
        v.                              *        Subject-matter jurisdiction; 28
                                        *        U.S.C. § 1500; claim "pending"
THE UNITED STATES,                      *        during appeal period under 28
                                        *        U.S.C. § 1500; collateral estoppel;
               Defendant.               *        judicial estoppel.
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Charles H. Magnuson*, Law Offices of Charles Magnuson, Los Angeles, CA, for plaintiff.

*Carl D. Wasserman*, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were *Kathryn Keneally,* Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, for defendant.

## OPINION

MARGOLIS, *Senior Judge*.

This matter comes before the Court on defendant's Motion to Dismiss, filed June 1, 2012, and plaintiff's Motion for Enforcing Collateral Estoppel, filed October 15, 2012. Oral argument was held on March 20, 2013. The Court finds that pursuant to 28 U.S.C. § 1500, it does not have subject-matter jurisdiction over plaintiff's claim because plaintiff had the same claim pending in another court when he filed suit in this Court. Additionally, the Court finds that plaintiff cannot use estoppel to create subject-matter jurisdiction for his claim or obtain a separate recovery. Thus, the Court grants defendant's motion, denies plaintiff's motion, and dismisses the Complaint.

## I. BACKGROUND

Plaintiff Gerd Topsnik is a German, nonresident alien. In his Complaint, filed January 30, 2012, he alleges that defendant, the United States, through the Internal Revenue Service ("IRS"), issued a Notice of Levy dated February 16, 2010 for $257,224.97 in total tax liability to "Gourmet Foods, Inc, 2910 E. Harcourt St. Rancho Dominguez, California" with respect to "GERD TOPSNIK," for taxes due for years 1992, 1993, 1999, 2000, and 2001. He alleges that

the IRS lacked authority to issue the levy and should have released it because: (1) plaintiff had already paid all of his tax liability for 1992, 1993, and 1999, and the IRS had agreed, (2) the ten year levy period under 26 U.S.C. § 6502 had expired for years 1992 and 1993, and (3) plaintiff had 26 U.S.C. § 6320 and § 6330 "Collection Due Process Requests" pending with the United States Tax Court for 1992, 1993, 1999, and 2000, and with the IRS for 2001. He alleges that he is entitled to damages under 26 U.S.C. §§ 6330(e)(1), 7432, and 7433.

On August 23, 2011, prior to filing suit in this Court, plaintiff filed an action against defendant asserting similar allegations in the United States District Court for the Central District of California. (*Topsnik v. United States*, No. 2:11-cv-06958-JHN-MRW, slip. op. at 1 (C.D. Cal. January 17, 2012), Attachment D to Pl.'s Response to Def.'s Mot. to Dismiss.) Defendant moved to dismiss that action, and on January 17, 2012, the District Court granted defendant's motion, holding that venue was improper because 28 U.S.C. § 1402(a)(1) required plaintiff to bring his action in the judicial district where plaintiff resided, and since plaintiff was a German resident, he did not reside in any judicial district, and so must bring his action in this Court. (Slip. op. at 1-3.) On January 30, 2012, plaintiff filed his Complaint in this Court. Then, on March 16, 2012, plaintiff appealed the District Court's dismissal order to the United States Court of Appeals for the Ninth Circuit, on the grounds that the District Court should have transferred plaintiff's case to this Court instead of dismissing it. (Notice of Appeal, *Topsnik*, No. 2:11-cv-06958-JHN-MRW (Docket Entry No. 21), Attachment G to Pl.'s Response to Def.'s Mot. to Dismiss.)

Defendant moves to dismiss under RCFC 12(b)(1), arguing that this Court lacks subject-matter jurisdiction over plaintiff's claim under 28 U.S.C. § 1500 because plaintiff had the same claim pending in another court when he filed his Complaint in this Court. Plaintiff argues that § 1500 does not bar his suit because the District Court had already dismissed his case when he filed in this Court, and that even if it does, the Court should estop defendant from asserting § 1500 because defendant argued before the District Court that this Court has jurisdiction.

## II. STANDARD FOR DISMISSAL UNDER RCFC 12(b)(1)

RCFC 12(b)(1) allows a party to move to dismiss a claim for lack of subject-matter jurisdiction. In ruling on a 12(b)(1) motion, the Court must assume that all undisputed facts in the complaint are true and must draw all reasonable inferences in the nonmoving party's favor. *Federico v. United States*, 70 Fed. Cl. 378, 381 (2006). However, if the motion challenges the complaint's jurisdictional facts, the Court may consider relevant evidence beyond the pleadings to resolve the dispute, and the plaintiff cannot rely on the complaint's allegations, but must produce competent evidence establishing subject-matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 747-748 (Fed. Cir. 1988); *Federico*, 70 Fed. Cl. at 381.

2

## A. 28 U.S.C. § 1500, Pendency of claims in other courts

Section 1500 provides that this Court shall not have jurisdiction over any claim with respect to which the plaintiff has any suit or process "pending" against the United States in another court.[1] This Court has held that **§** 1500 applies where two requirements are met: first, the claim must be the "same claim" as the claim pending in the other court, and second, the claim in the other court must be "pending" at the time the plaintiff files his claim in this Court. *Firebaugh Canal Water District v. United States*, 70 Fed. Cl. 593, 597 (2006). Here, plaintiff essentially concedes that his claim is the same as his District Court claim, but argues that his District Court claim was not pending when he filed here, because once a claim has been rejected by another court, there is no basis for dismissal of the claim in this Court.

The weight of authority within this Court holds that a claim that another court has dismissed remains "pending" under § 1500 until the appeal period has expired. *Brandt v. United States*, 102 Fed. Cl. 72, 78 (2011); *Tallacus v. United States*, 99 Fed. Cl. 235, 237 (2011) (Margolis, J.); *but see Young v. United States*, 60 Fed. Cl. 418, 424-425 (2004) (holding that after a district court's dismissal but before a party's appeal, there is "literally" no suit or process pending against the United States in another court).

"To hold otherwise would cause 'inefficiency and court overlap' by requiring the Court to exercise jurisdiction over a claim that may ultimately be reinstated by the District Court." *Tallacus*, 99 Fed. Cl. at 238 n.4 (quoting *Vero Technical Support, Inc. v. United States*, 94 Fed. Cl. 784, 795 (2010)). It would also allow a plaintiff to evade **§** 1500 by strategically postponing an appeal until after filing suit in this Court. *Jachetta v. United States*, 94 Fed. Cl. 277, 283 (2010).

Here, plaintiff filed in this Court after the District Court's dismissal, but before the sixty-day appeal period had expired there. Thus, his claim was pending in another court when he filed in this Court, and **§** 1500 bars his suit.

Plaintiff argues that his appeal to the Ninth Circuit should not affect his ability to bring suit here because it is merely procedural in that it only seeks a transfer of plaintiff's case to this Court, rather than a reversal of the District Court's dismissal order. However, whether plaintiff's appeal is procedural is irrelevant because plaintiff did not appeal until after filing suit in this

---

[1] 28 U.S.C. § 1500 provides in full:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Court, which is the relevant time for determining whether § 1500 applies. *See Central Pines Land Company v. United States*, 697 F.3d 1360, 1367 (Fed. Cir. 2012) ("jurisdiction under § 1500 is dependent on the state of things when the action is brought, and cannot be rescued by subsequent action of either party or by resolution of the co-pending litigation."); *see also Tallacus*, 99 Fed. Cl. at 238 n.3. Moreover, § 1500 bars claims for which there is "any suit *or process*" pending in another Court, and "process" is broad enough to encompass a procedural appeal. *See Jachetta*, 94 Fed. Cl. at 281, 283-284 (plaintiff's FED. R. CIV. P. 60(a) motion to correct a clerical mistake was a "pending process" under § 1500). Thus, § 1500 bars plaintiff's suit.

## B. Estoppel

Plaintiff argues that this Court should preclude defendant from asserting § 1500 under the doctrines of collateral and judicial estoppel, because defendant successfully argued before the District Court that it should dismiss that action because this Court has jurisdiction. He argues that if this Court applies § 1500, he will have no forum for his claim, because the time period for filing it in this Court as a new suit has now expired. Additionally, he argues that pursuant to the doctrines of promissory and equitable estoppel, he is entitled to recover damages of at least $257,224.97 under a "hornbook implied-in-law contract," which defendant created by implicitly promising him a judicial forum for his claim. However, plaintiff cannot use these estoppel theories to overcome § 1500.

First, § 1500 does not contain any equitable exceptions to its requirements, and this Court is not at liberty to add any. *Central Pines*, 697 F.3d at 1366, 1367 n.6 ("Congress's use of 'shall' indicates a mandatory requirement void of judicial discretion."); *Brandt*, 102 Fed. Cl. at 82. Second, "[i]t is well settled that no action of the parties can confer subject-matter jurisdiction on a tribunal and that the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so." *Dunklebarger v. Merit Systems Protection Board*, 130 F.3d 1476, 1480 (Fed. Cir. 1997). In *Singleton v. United States*, the Court rejected arguments similar to the ones that plaintiff now advances:

> Regardless of what the District Court said in its dismissal order, it is settled that the District Court cannot confer jurisdiction on this court. This court can determine its own jurisdiction at any time. The mere transfer of a case from the District Court to this court does not establish jurisdiction and the defendant is not estopped from arguing lack of our jurisdiction even if it may have urged lack of jurisdiction in the District Court based on jurisdiction in this court.

6 Cl. Ct. 156, 165 (1984) (citation omitted); *see also Anderson v. United States*, 85 Fed. Cl. 532, 537 (2009) (following *Singleton*); *Thomas Funding Corp. v. United States*, 15 Cl. Ct. 495, 499 n.2 (1988) ("This court, therefore, cannot, and will not, permit plaintiff to use collateral estoppel as a free pass into a court that does not have subject matter jurisdiction over his claim.") Thus,

plaintiff cannot use collateral, judicial, promissory, equitable, or any other form of estoppel to create subject-matter jurisdiction for his tax claim by precluding defendant's **§** 1500 defense.

Additionally, a party cannot base a separate claim for damages on a promissory or equitable estoppel theory in this Court. Promissory estoppel claims are a class of implied-in-law contract claims, which this Court has no jurisdiction to hear, and equitable estoppel is a defensive doctrine that allows a party to bar another party from raising a defense or claim that it would otherwise have – it does not allow a party to create a new cause of action. *Carter v. United States*, 98 Fed. Cl. 632, 638-639 (2011); *Gregory v. United States*, 37 Fed. Cl. 388, 396 (1997) (Margolis, J.) Thus, plaintiff cannot use promissory or equitable estoppel to obtain a separate recovery independent of his tax claim.

Moreover, even if plaintiff could use collateral, judicial, promissory, or equitable estoppel to save his tax claim or assert a new claim, he would fail to meet the elements of each of these forms of estoppel. Under the doctrine of collateral estoppel, or issue preclusion, a party may not relitigate an issue that has already been decided. *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994). To invoke it, a party must show that: (1) the issue is identical to the one decided in the first action, (2) the issue was actually litigated in the first action, meaning that the parties disputed it and the court or trier of fact decided it, (3) resolution of the issue was essential to a final judgment in the first action, and (4) the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the first action. *Id.* at 1465-1467.

Here, plaintiff would fail to meet at least the first three elements of collateral estoppel. First, the **§** 1500 issue is not the identical issue that the District Court decided. The District Court held that venue was improper there under 28 U.S.C. § 1402(a)(1)[2] because plaintiff was a German resident, and then stated that his "only recourse" was to prosecute his claim in this Court, which has concurrent jurisdiction. (*Topsnik*, No. 2:11-cv-06958-JHN-MRW, slip. op. at 2, Attachment D to Pl.'s Response to Def.'s Mot. to Dismiss.) However, the District Court did not opine on whether **§** 1500 barred plaintiff from filing suit in this Court before the appeal period expired there. The issue there was *where* plaintiff could file, not *when* he could file. Second, plaintiff has not shown that the parties disputed the **§** 1500 issue, or for that matter, *any* issue concerning this Court's jurisdiction, in the District Court. There, defendant stated in its Motion to Dismiss that venue was proper in this Court, and plaintiff has not shown that he took a contrary position. Third, resolution of the § 1500 issue could not have been essential to the District Court's judgment, because the Court never considered it.

---

[2]      28 U.S.C. § 1402(a) provides in relevant part:

> Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:
> (1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;
> (2) In the case of a civil action by a corporation . . . .

Similarly, a key factor for judicial estoppel, which prevents a party from successfully urging a position in one legal proceeding and then taking a contrary position in a subsequent proceeding, is whether the party's positions are "clearly inconsistent." *CRV Enterprises, Inc. v. United States*, 626 F.3d 1241, 1248 (Fed. Cir. 2010); *Normandy Apartments, Ltd. v. United States*, 100 Fed. Cl. 247, 252-253 (2011).[3] Here, plaintiff would fail to meet this factor because defendant only argued in the District Court that *venue* was proper in this Court, and that the District Court should dismiss *or* transfer plaintiff's suit; it did not argue that this Court would have jurisdiction if the District Court dismissed plaintiff's suit, and plaintiff then filed here during the appeal period.

Finally, both promissory and equitable estoppel require that the party asserting estoppel reasonably relied on the other party's statement or conduct. *Mabus v. General Dynamics C4 Systems, Inc.*, 633 F.3d 1356, 1359 (Fed. Cir. 2011); *Carter*, 98 Fed. Cl. at 638.[4] Here, plaintiff could not reasonably infer from defendant's general statements regarding this Court's venue that it would not assert § 1500 if plaintiff filed suit here during the appeal period.

Thus, estoppel cannot save plaintiff's case, and this Court must dismiss plaintiff's Complaint. Although this result may seem harsh, plaintiff brought it about by filing suit in the District Court and failing to obtain a dismissal or transfer sooner.

**IV. CONCLUSION**

The Court grants defendant's Motion to Dismiss and denies plaintiff's Motion for Enforcing Collateral Estoppel. The Clerk shall dismiss the Complaint and enter judgment for defendant. The parties shall bear their own costs.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

---

[3] The other two factors for judicial estoppel that courts typically weigh are whether the party succeeded in persuading the first court of its earlier position and whether the party would derive an unfair advantage if not estopped. *CRV,* 626 F.3d at 1248; *Normandy*, 100 Fed. Cl. at 253.

[4] Promissory estoppel requires a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance." *Carter*, 98 Fed. Cl. at 638 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1981)). Equitable estoppel requires: "(1) misleading conduct, which may include not only statements and actions but silence and inaction, leading another to reasonably infer that rights will not be asserted against it; (2) reliance upon this conduct; and (3) due to this reliance, material prejudice if the delayed assertion of such rights is permitted." *Mabus*, 633 F.3d at 1359; *see also Kaeper Machine, Incorporated v. United States*, 74 Fed. Cl. 1, 8 (2006) (A party invoking equitable estoppel against the government bears a "heavy burden" and must show some form of "affirmative misconduct.")

6